UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| FELESIA HAMILTON, TASHARA CALDWELL, BRENDA JOHNSON, ARRISHA KNIGHT, JAMESINA ROBINSON, DEBBIE STOXSTELL, FELICIA SMITH, TAMEKA ANDERSON-JACKSON and TAMMY ISLAND, § § § § § § § § § § | CIVIL ACTION NO. 3:20-cv-00313 |
| Plaintiffs, § v. § § | JURY TRIAL DEMANDED |
| DALLAS COUNTY d/b/a DALLAS COUNTY SHERIFF'S DEPARTMENT. § § § § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

Plaintiffs Felesia Hamilton, Tashara Caldwell, Brenda Johnson, Arrisha Knight, Jamesina Robinson, Debbie Stoxstell, Felicia Smith, Tameka Anderson-Jackson and Tammy Island (collectively, "Plaintiffs"), by and through their attorneys, bring this action for damages and other legal and equitable relief from Defendant Dallas County d/b/a Dallas County Sheriff's Department ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.  This is an action brought by Plaintiffs seeking damages from Defendant for acts of discrimination based on sex. Defendant's acts of discrimination are in violation of Title VII, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights and (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq*., as amended.

3.  The Court's supplemental jurisdiction is invoked to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business and resides in this district.

## PARTIES

5.  Plaintiff Felesia Hamilton is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Dallas County, Texas.

**ORIGINAL COMPLAINT**

6. Plaintiff Tashara Caldwell is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Dallas County, Texas.

7. Plaintiff Brenda Johnson is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Dallas County, Texas.

8. Plaintiff Arrisha Knight is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Dallas County, Texas.

9. Plaintiff Jamesina Robinson is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Dallas County, Texas.

10. Plaintiff Debbie Stoxstell is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Kaufman County, Texas.

11. Plaintiff Felicia Smith is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Dallas County, Texas.

12. Plaintiff Tameka Anderson-Jackson is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Tarrant County, Texas.

13. Plaintiff Tammy Island is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a citizen of the United States of America and is a resident of Dallas County, Texas.

14. At all relevant times, Plaintiffs were Defendant's employees and therefore covered by Title VII and the TLC.

15. Defendant Dallas County is located within the State of Texas and within the Northern District of Texas. Defendant Dallas County operates the Dallas County Sheriff's Department. Upon information and belief, Defendant Dallas County employs over five-hundred (500) persons.

16. During all relevant times, Defendant has been an employer covered by Title VII and the TLC.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

17. Plaintiffs, who have herein alleged claims pursuant to Title VII, have timely filed complaints of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which constitutes a cross-filing with the Texas Commission on Human Rights.

18. Plaintiffs have received their Notice of Right to Sue letters from the EEOC prior to the filing of this Complaint.

## STATEMENT OF FACTS

19. Plaintiffs are all female Detention Service Officers employed by the Dallas County Sheriff's Department.

20. Beginning in or around April 2019, Plaintiffs were subjected to explicit sex discrimination. Before April 2019, Plaintiffs' schedules were determined based on seniority.

However, after April 2019, Plaintiffs were subjected to a discriminatory scheduling policy that assigned more preferred days off to men and gave less preferred days off to women.

21. All employees are allowed to have two days off per week. However, only male employees are given full weekends off. Female employees are not given full weekends off and can only receive weekdays and/or partial weekends off. When Plaintiffs asked the Sergeant how scheduling was determined, he stated that it was based on gender. He said that it would be unsafe for all the men to be off during the week and that it was safer for the men to be off on the weekends. However, male and female employees perform the same tasks and the number of inmates during the week is the same as the number of inmates on the weekend.

22. Plaintiffs reported this discriminatory policy to the Sergeant, Lieutenant, Chief, and Human Resources. However, management agreed with the discriminatory policy and the policy has remained in place.

23. Upon information and belief, certain Plaintiffs continue to be subjected to this discriminatory policy and continue to be discriminated against because of their sex.

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e** *et seq.*
**(Discrimination)**

24. Plaintiffs are members of a protected class and repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

25. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiffs' employment.

26. Plaintiffs' requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001** *et seq.*
**(Discrimination)**

27.     Plaintiffs are members of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28.     The conduct alleged herein violates the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiffs' employment.

29.     Plaintiffs' requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq. and the Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*;

B. All damages which Plaintiffs have sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits they would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiffs the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law; and

F.  Granting Plaintiffs other and further relief as this Court finds necessary and proper.

Plaintiffs also seek injunctive relief, including, but not limited to:

G.  Training on the subject of employment discrimination for all of Defendant's employees;

H.  Diversity and sensitivity training for all management employees conducted by reputable outside vendors;

I.  Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination;

J.  Active monitoring of the work areas to ensure compliance with discrimination policies;

K.  Removal of the discriminatory scheduling policy and reinstatement of the seniority based scheduling policy; and

L.  That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law.

Plaintiffs further demand that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: February 10, 2020                                    Respectfully submitted,

_____

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law

**ORIGINAL COMPLAINT**

David Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Ellwanger Law LLLP
400 South Zang Blvd.
Suite 1015
Dallas, Texas 75208
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

James A. Vagnini
N.Y. State Bar No. 2958130
*pro hac vice admission pending*
jvagnini@vkvlawyers.com
Monica Hincken
N.Y. State Bar No. 5351804
*pro hac vice admission pending*
mhincken@vkvlawyers.com
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
Facsimile: (516) 706-0248