IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELESIA HAMILTON, | § | |
| TASHARA CALDWELL, | § | |
| BRENDA JOHNSON, | § | |
| ARRISHA KNIGHT, | § | CIVIL ACTION NO. |
| JAMESINA ROBINSON, | § | |
| DEBBIE STOXSTELL, | § | 3:20-CV-00313-N |
| FELICIA SMITH, | § | |
| TAMEKA ANDERSON-JACKSON, | § | |
| and TAMMY ISLAND, | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| DALLAS COUNTY, d/b/a | § | |
| DALLAS COUNTY SHERIFF'S | § | |
| DEPARTMENT, | § | |
|     Defendant. | § | |

**DEFENDANT DALLAS COUNTY'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND MEMORANDUM BRIEF IN SUPPORT**

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

JASON G. SCHUETTE
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

JOHN BUTRUS
Assistant District Attorney
Texas State Bar No. 03537330
john.butrus@dallascounty.org

FEDERAL LITIGATION DIVISION
FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD., L.B. 19
DALLAS, TEXAS  75207-4399
Telephone:   (214) 653-3692
Telecopier:   (214) 653-2899

ATTORNEYS FOR DEFENDANT
DALLAS COUNTY, d/b/a DALLAS
COUNTY SHERIFF'S DEPARTMENT

**TABLE OF CONTENTS**

I. Summary of the Motion ................................................................................................. 1

II. Procedural History and Brief Factual Summary ............................................................ 1

    A. Procedural history ............................................................................................. 1

    B. Brief factual summary ....................................................................................... 2

III. Argument and Authorities that Require Dismissal ........................................................ 2

    A. The Rule 12(b)(6) standard: whether the well-pleaded facts present a facially plausible claim for relief. ..................................................................... 2

    B. Plaintiffs fail to state a claim under Title VII. ................................................. 5

    C. Plaintiffs fail to state a claim under the Texas Employment Discrimination Act. ............................................................................................ 7

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 4, 5

*Banks v. E. Baton Rouge Parish Sch. Bd.*,
   320 F.3d 570 (5th Cir. 2003) ........................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 3, 4

*Benningfield v. City of Houston*,
   157 F.3d 369 (5th Cir. 1998) ........................................................................................ 7

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) ........................................................................................................ 6

*Conley v. Gibson*,
   355 U.S. 41 (1957) ........................................................................................................ 3

*Craven v. Tex. Dep't Crim. Justice, Institutional Div.*,
   151 F. Supp. 2d 757 (N.D. Tex. 2001) ......................................................................... 6

*Felton v. Polles*,
   315 F.3d 470 (5th Cir. 2002) ........................................................................................ 6

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ........................................................................................ 3

*Haire v. Bd. Of Supervisors of La. State Univ.*,
   719 F.3d 356 (5th Cir. 2013) ........................................................................................ 5

*Hunt v. Rapides Healthcare Sys., LLC*,
   277 F.3d 757 (5th Cir. 2011) ........................................................................................ 7

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ........................................................................................ 3

*Jackson v. Procunier*,
   789 F.2d 307 (5th Cir. 1986) ........................................................................................ 3

*Jeffery v. Dallas Cnty. Med. Exam'r*,
   37 F. Supp. 2d 525 (N.D. Tex. 1999) ........................................................................... 6

*Johnson v. Tune*,
   No. 4:10-cv-124, 2011 WL 3299927 (E.D. Tex. Apr. 29, 2011) ................................. 6

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
   677 F.2d 1045 (5th Cir. 1982) ................................................................................... 3

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
   369 F.3d 464 (5th Cir. 2004) ..................................................................................... 3

*McCoy v. City of Shreveport*,
   492 F.3d 551 (5th Cir. 2007) ..................................................................................... 6

*Mylett v. City of Corpus Christi*,
   97 F. App'x 473 (5th Cir. 2004) ................................................................................ 6

*Pegram v. Honeywell, Inc.*,
   361 F.3d 272 (5th Cir. 2004) .................................................................................. 5, 6

*Peterson v. Linear Controls, Ltd.*,
   757 F. App'x 370 (5th Cir. 2019) .............................................................................. 5

*Quantum Chem. Corp. v. Toennies*,
   47 S.W.3d 473 (Tex. 2001) ....................................................................................... 8

*Reed v. Neopost USA, Inc.*,
   701 F.3d 434 (5th Cir. 2012) ..................................................................................... 8

*Waffle House, Inc. v. Williams*,
   313 S.W.3d 796 (Texas 2010) ................................................................................... 8

**Statutes**

Tex. Lab. Code, § 21.001(1) ............................................................................................ 8

**Rules**

Fed. R. Civ. P. 1 .............................................................................................................. 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 2

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 5

TO THE HONORABLE COURT:

The Defendant, Dallas County d/b/a Dallas County Sheriff's Department (the "County"), pursuant to Federal Rule of Civil Procedure 12(b)(6), files this motion to dismiss the claims alleged against it in the Plaintiffs' Original Complaint (ECF No. 1) (the "Complaint").

## I.   Summary of the Motion

Plaintiffs, who are female Detention Service Officers ("DSO") at the Dallas County jail (the "Jail"), seek compensatory damages and equitable relief under Title VII and under the Texas Employment Discrimination Act based upon alleged sex-based discriminatory allocation of shift assignments, in that male DSOs were assigned a greater quantity of the preferred weekend days off than were assigned to female DSOs. That is, Plaintiffs allege that the County used sex as a basis for assigning preferential days off, in favor of male DSOs.

Plaintiffs fail to plead non-conclusory facts sufficient to state a plausible claim for relief. Plaintiffs' well-pleaded factual allegations do not permit the Court to draw a reasonable inference that the County's allocation of shift assignments, and the resulting allocation of weekend days off, state a claim for relief cognizable under either Title VII or the Texas anti-discrimination statutes. Plaintiffs did not suffer an "adverse employment action," as that term is understood in Title VII jurisprudence. Therefore, Plaintiffs' claims lack facial plausibility, and must be dismissed. The same deficiency requires dismissal of Plaintiffs' claims pleaded under Texas law. Therefore, the Court should grant the County's motion.

## II.   Procedural History and Brief Factual Summary

**A.   Procedural history**

Plaintiffs filed suit on 5 March 2020. (*See* Court's Docket.) Plaintiffs ran into difficulties serving the County with a summons, and on 15 May 2020 filed a motion requesting that the Court extend the nominal 90-day deadline by an additional 60 days (ECF No. 6). However, the County

facilitated service of the summons on the County, and the County accepted service of the summons on 18 May 2020 (*see* ECF No. 7), thereby mooting Plaintiffs' motion to extend time.

**B.      Brief factual summary**

Plaintiffs allege the following:[1]

The County employs Plaintiffs in the Dallas County Sheriff's Department ("DCSD"), as DSOs who work at the Jail supervising inmates. (Original Complaint (ECF No. 1) ("Complaint"), at 4, 5 paras. 19, 21.) All DSOs are given two (2) days off each week. (*Id.* at 5 para. 21.) Prior to April 2019, all DSO's work schedules were based upon seniority. (*Id*. para. 20.) After April 2019, the DCSD assigned DSO work schedules based on gender. As a result, male DCSD employees received full weekends off, whereas female employees only received a day off on weekdays or partial weekends. (*Id.* at 5 para. 21.) Weekend days off are preferable to non-weekend days. (*Id.* at 4-5 para. 20.) A DCSD sergeant stated that schedules were based upon the DSO's gender. (*Id.* at 5 para. 21.) Plaintiffs complained of the gender-based assignment of days off, but DCSD officials and the Human Resources department allowed the gender-based shift assignment policy to remain in place. (*Id.*) Male and female DSOs perform the same tasks. (*Id.* para. 21.) Plaintiffs are members of a "protected class." (*Id.* at 5, 6 paras. 24, 27.)

### III.      Argument and Authorities that Require Dismissal

**A.      The Rule 12(b)(6) standard:  whether the well-pleaded facts present a facially plausible claim for relief.**

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6)

---

[1] The County does not agree with all of Plaintiffs' factual allegations, but recites them in this motion to provide to the Court essential background information about the nature of the factual allegations upon which Plaintiffs base their claims against the County.

tests the legal sufficiency of the claims as are stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the factual allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a plausible claim for relief, and prompt dismissal pursuant to Rule 12(b)(6) is appropriate. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Moreover, the Supreme Court held in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). As such, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court set out in *Conley*, 355 U.S. at 45-46. Rather, under *Twombly*, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The facial plausibility standard applies to all of a plaintiff's claims.

The Supreme Court clarified the scope and application of *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Iqbal* makes clear that the *Twombly* decision was based upon the Supreme Court's interpretation and application of Rule 8, *Iqbal*, 556 U.S. at 684 (citing *Twombly*, 550 U.S. at 554), which "governs the pleading standard 'in all civil actions and proceedings in the United States district courts,'" *id.* (quoting Fed. R. Civ. P. 1)). Therefore, *Twombly's* (and *Iqbal's*) facial plausibility requirements apply to Plaintiffs' allegations against the County.

The Court's opinion in *Iqbal*, section IV-A, sets forth this motion's legal foundation. In summary, *Iqbal* held that the following standards shall apply when evaluating the sufficiency of *all* federal complaints:

- The rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

- A complaint must be plausible on its face. "A claim has facial plausibility when the Plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

- "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

- A complaint is insufficient if it merely tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The *Iqbal* Court stated two principles support its decision in *Twombly*, from which the foregoing standards were derived. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Therefore, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—'but it has not 'show[n]'—'that the pleader

is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (applying Fed. R. Civ. P. 8(a)(2) (requiring " a short and plain statement of the claim showing the pleader is entitled to relief.")). Therefore, *Iqbal* directs that a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Such conclusions are not "well-pleaded" factual allegations, and do not plausibly give rise to an entitlement to relief. The County will now demonstrate that the Complaint fails to meet *Iqbal's* facial plausibility test as to the claims pleaded against it.

**B.     Plaintiffs fail to state a claim under Title VII.**

Plaintiffs allege that they were subjected to discrimination on the basis of their "gender," actionable under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* (Complaint 1, 4-5 paras. 24-26.) Plaintiffs fail to state a claim under Title VII.

A plaintiff must establish that she suffered an "adverse employment action" to prevail under Title VII on a gender discrimination claim. *Haire v. Bd. Of Supervisors of La. State Univ.*, 719 F.3d 356, 363 (5th Cir. 2013) (holding that, among other requirements, an employee claiming gender-based discrimination must show that she was subjected to an adverse employment action); *Peterson v. Linear Controls, Ltd.*, 757 F. App'x 370, 373 (5th Cir. 2019) (per curiam) (not reported), *petition for cert. filed* (holding that, even with direct evidence of discrimination, wherein a supervisor made racial slurs in connection with an employee's request for leave, because the employee received leave, he suffered no adverse action and thus could not make out a prima facie case of discrimination.)

Under Title VII, "an employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (quoting *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)). Instead, an adverse employment action "consists of '*ultimate employment decisions* such

as hiring, granting leave, discharging, promoting, and compensating.'" *Id.* (quoting *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002)) (emphasis added in *Pegram*).  *C.f. McCoy v. City of Shreveport*, 492 F.3d 551, 559-60 (5th Cir. 2007) (explaining that this rule was not impacted by the Supreme Court's holding in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), extending adverse employment actions past ultimate employment decisions for Title VII *retaliation* claims).

The rule that an employment action that "does not affect job duties, compensation, or benefits" is not an adverse employment action has direct application to this case.  This Court held, in *Jeffery v. Dallas County Medical Examiner*, 37 F. Supp. 2d 525 (N.D. Tex. 1999) (Lindsay, J.), that "[c]hanging an employee's work schedule, hours, or increasing an employee's workload are merely administrative decisions and do not constitute the type of ultimate employment decisions contemplated by Title VII." *Jeffery*, 37 F. Supp. 2d at 529.  More specifically still, the United States District Court for the Eastern District of Texas held in *Johnson v. Tune*, No. 4:10-cv-124, 2011 WL 3299927 (E.D. Tex. Apr. 29, 2011), wherein the plaintiff alleged racial discrimination, that the "decision to deny Plaintiff weekends off is not enough to allege an adverse employment action sufficient to state an actionable claim." *Tune*, 2011 WL 3299927, at *4.  The Plaintiffs' *preference* here for shifts that provide weekend days off notwithstanding, denials of such work schedule accommodations do not create an actionable Title VII claim. *Craven v. Tex. Dep't Crim. Justice, Institutional Div.*, 151 F. Supp. 2d 757, 766 (N.D. Tex. 2001) ("That Craven expressed a preference for the day shift is insufficient to conclude that denial of her transfer request was an adverse action.").

The foregoing district court decisions are fully in line with Fifth Circuit holdings. *See*, *e.g.*, *Mylett v. City of Corpus Christi*, 97 F. App'x 473, 476 (5th Cir. 2004) ("It is well established that

. . . denial of particular shifts . . . [is] not [an] adverse employment action[.]") (citing *Benningfield v. City of Houston*, 157 F.3d 369, 377 (5th Cir. 1998)) (explaining that "[i]t is well established that Mylett's last three claimed injuries oppressive change of hours, denial of particular shifts, and humiliation . . . are not adverse employment actions"); *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769 (5th Cir. 2011) ("[A] shift change, without more, is not an adverse employment action.").

      Plaintiffs' Title VII claims lack facial plausibility for the additional reason that Plaintiffs fail to plead that the discriminatory shift assignments resulted in some other cognizable adverse employment action. Plaintiffs remain employed as DSOs. (Complaint 4 para. 19: "Plaintiffs are all female [DSOs] employed by the [DCSD].") Plaintiffs do not plead a change in their benefits, compensation, or job duties. (*See generally*, Complaint.) In fact, Plaintiffs remain on a daytime shift, albeit on different days than they prefer. This is precisely the kind of low-level administrative action that expressly fails to qualify as an "adverse employment action."

      As the foregoing cases make clear, Plaintiffs' allegations that they were assigned shifts that did not provide weekend days off fail to plead an adverse employment action and, accordingly, fail to plead a facially plausible Title VII claim based upon sex/gender discrimination. Therefore, the Court should grant the County's motion to dismiss Plaintiffs' Title VII claims.

**C.**    **Plaintiffs fail to state a claim under the Texas Employment Discrimination Act.**

      Plaintiffs also allege that they are entitled to relief pursuant to the Texas Employment Discrimination Act, Texas Labor Code § 21.001 *et seq.* ("TLC"), also commonly referred to as the Texas Commission on Human Rights Act, or "TCHRA". (Complaint 6 paras. 27-29.) Plaintiffs fail to state a claim under the TCHRA.

The TCHRA provides protections against employment discrimination analogous to those provided by Title VII.  TCHRA section 21.001(1) provides that "[t]he general purposes of this chapter are to: (1) provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. § 2000e *et seq.*)"  TCHRA was expressly modeled after Title VII and is, effectively, Texas's version of Title VII.  Therefore, Texas courts generally look to federal case authorities on Title VII for guidance in determining the proper interpretation of TCHRA.  *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001) (explaining that because "[o]ne of TCHRA's purposes is to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments,'" "analogous federal statutes and the cases interpreting them guide our reading of the TCHRA"); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Texas 2010) (recognizing that [o]ne express purpose of the [TCHRA] is to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments.'").  *See also Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012) (holding that claims brought pursuant to Title VII and the TCHRA are governed by the same legal and evidentiary standards).

As a consequence of the purposes and limitations on the TCHRA, Plaintiffs fail to state facially plausible claims under TCHRA for the same reason that the Plaintiffs fail to state facially plausible claims under Title VII.  Therefore, the Court should grant the County's motion to dismiss Plaintiffs' Title VII claims.

WHEREFORE, the Defendant Dallas County asks the Court to dismiss all of the claims alleged against it in Plaintiffs' Original Complaint, and that the Court grant Dallas County, all such other and further relief to which it is entitled as is consistent with this motion.

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*s/ Jason G. Schuette*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

John J. Butrus
Assistant District Attorney
Texas State Bar No. 03537330
john.butrus@dallascounty.org

Federal Litigation Division
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207
Telephone: 214-653-3692
Facsimile: 214-653-2899

Attorneys for the Defendant,
Dallas County

## CERTIFICATE OF SERVICE

On 04 June 2020 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

*s/ Jason G. Schuette*
Assistant District Attorney