IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELESIA HAMILTON, | § | |
| TASHARA CALDWELL, | § | |
| BRENDA JOHNSON, | § | |
| ARRISHA KNIGHT, | § | CIVIL ACTION NO. |
| JAMESINA ROBINSON, | § | |
| DEBBIE STOXSTELL, | § | 3:20-CV-00313-N |
| FELICIA SMITH, | § | |
| TAMEKA ANDERSON-JACKSON, | § | |
| and TAMMY ISLAND, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| DALLAS COUNTY, d/b/a | § | |
| DALLAS COUNTY SHERIFF'S | § | |
| DEPARTMENT, | § | |
| Defendant. | § | |

**DEFENDANT DALLAS COUNTY'S REPLY IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFFS' ORIGINAL COMPLAINT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

| | |
|---|---|
| JOHN CREUZOT | FEDERAL LITIGATION DIVISION |
| CRIMINAL DISTRICT ATTORNEY | FRANK CROWLEY COURTS BLDG. |
| DALLAS COUNTY, TEXAS | 133 N. RIVERFRONT BLVD., L.B. 19 |
| | DALLAS, TEXAS  75207-4399 |
| JASON G. SCHUETTE | Telephone:        (214) 653-3692 |
| Assistant District Attorney | Telecopier:       (214) 653-2899 |
| Texas State Bar No. 17827020 | |
| jason.schuette@dallascounty.org | |
| | |
| JOHN BUTRUS | ATTORNEYS FOR DEFENDANT |
| Assistant District Attorney | DALLAS COUNTY, d/b/a DALLAS |
| Texas State Bar No. 03537330 | COUNTY SHERIFF'S DEPARTMENT |
| john.butrus@dallascounty.org | |

**TABLE OF CONTENTS**

I. Summary of the Response ...................................................................................................1

II. Argument and Authorities in Reply .....................................................................................1

    A. Plaintiffs misstate the Rule 12(b)(6) standard ...........................................................1

    B. Plaintiffs concede that their claims arising under Texas law are coincident with their claims arising under Title VII. ..............................................2

    C. Plaintiffs fail to show that they alleged a facially plausible adverse employment actions. ................................................................................................2

        1. Plaintiffs concede the pertinent Title VII standards. ..................................3

        2. Plaintiffs do not plead facts that allow a reasonable inference that the shift assignments made Plaintiffs' jobs "objectively worse" in terms of a Title VII AEA. ...........................................................................3

        3. Plaintiffs fail to distinguish the case authorities cited in the County's motion which hold that gender-based schedule preferences are not AEAs actionable under Title VII. ................................5

    D. Plaintiffs are not entitled to engage in discovery before pleading a facially plausible claim for relief. ..........................................................................7

    E. Plaintiffs should be required to follow this Court's Local Civil Rule, and tender a motion for leave to amend accompanied by a proposed amended complaint. ...................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

*Alzuraqi v. Group I Auto, Inc.*,
   921 F. Supp. 2d 648 (N.D. Tex. 2013) ................................................................. 4, 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................. 2, 7

*Banks v. E. Baton Rouge Parish Sch. Bd.*,
   320 F.3d 570 (5th Cir. 2003) ..................................................................................... 3

*Bell Atlantic Corporation v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................. 1

*Burlington Northern & Santa Fe Railway v. White*,
   548 U.S. 53 (2006) ................................................................................................... 4

*Conley v. Gibson*,
   355 U.S. 41 (1957) ................................................................................................... 2

*Craven v. Tex. Dep't Crim. Justice, Institutional Div.*,
   151 F. Supp. 2d 757 (N.D. Tex. 2001) .................................................................. 5, 6

*Felton v. Polles*,
   315 F.3d 470 (5th Cir. 2002) ..................................................................................... 3

*Ford v. Caddo Par. Dist. Attorney's Office*,
   No. CV 15-0544, 2016 WL 2343903 (W.D. La. May 3, 2016) ................................. 7

*Haire v. Bd. of Supervisors of La. State Univ.*,
   719 F.3d 356 (5th Cir. 2013 ...................................................................................... 3

*Hunt v. Rapides Healthcare Sys., LLC*,
   277 F.3d 757 (5th Cir. 2001) ............................................................................ 3, 5, 6

*Jeffery v. Dallas County Medical Examiner*,
   37 F. Supp. 2d 525 (N.D. Tex. 1999) .................................................................... 5, 6

*Johnson v. Tune*,
   No. 4:10cv124, 2011 WL 3299927 (E.D. Tex. Apr. 29, 2011) ............................. 5, 6

*King v. Louisiana*,
   294 F. App'x 77 (5th Cir. 2008) ................................................................................ 5

*McCoy v. City of Shreveport*,
   492 F.3d 551 (5th Cir. 2007) ..................................................................................... 4

*Mylett v. City of Corpus Christi*,
    97 F. App'x 473 (5th Cir. 2004) .................................................................................. 5, 6

*Pegram v. Honeywell, Inc.*,
    361 F.3d 272 (5th Cir. 2004) ...................................................................................... 3, 4

*Prew v. Llano Indep. Sch. Dist.*,
    No. A-13-CA-144-SS, 2013 WL 3994188 n.1 (W.D. Tex. Aug. 2, 2013) ................................. 2

*Tinoco v. Raleeh*,
    No. 4:05cv367, 2006 WL 27287 (E.D. Tex. Jan. 5, 2006) ......................................................... 2

*Wheat v. Florida Parish Juvenile Justice Comm'n*,
    811 F.3d 757 (5th Cir. 2001) ...................................................................................... 3, 4

**Rules**

N. Dist. Tex. Loc. Civ. R. LR 15.1 ................................................................................. 7

TO THE HONORABLE COURT:

The Defendant, Dallas County d/b/a Dallas County Sheriff's Department (the "County") files its reply to Plaintiffs' Response to Defendant's Motion to Dismiss, filed on 25 June 2020 (ECF No. 12) (the "Response").

## I.  Summary of the Response

Plaintiffs fail to show that their complaint pleads facts sufficient to permit a reasonable inference that a Dallas County Jail (the "Jail") custom having the force of official Dallas County policy was the legal cause of a deprivation of federal rights cognizable under Title VII, and that the County's final policymakers were deliberately indifferent to a risk that the violations of Title VII that Plaintiffs allege would result from the policy.

Plaintiffs fail to show that the County's allocations of shift assignments, even if based upon Plaintiffs' gender, states a cognizable claim arising under Title VII or Texas's employment anti-discrimination statues.  That is, Plaintiffs fail to show that gender-based shift assignments, in the manner alleged by Plaintiffs, constitutes an "adverse employment action."  Therefore, the Court should grant the County's motion to dismiss for lack of facial plausibility.

Plaintiffs should not be granted discovery in lieu of dismissal for failure to state a facially plausible claim.  The Supreme Court made clear that a plaintiff is not entitled to any discovery until she first pleads a viable claim for relief.  Finally, Plaintiffs should be required to proffer a proposed amended complaint before being granted leave to amend, consistent with this Court's local rules.

## II.  Argument and Authorities in Reply

### A.  Plaintiffs misstate the Rule 12(b)(6) standard

Plaintiffs misstate the standard for evaluating a motion to dismiss made pursuant to Rule 12(b)(6).  Although Plaintiffs cite *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), Plaintiffs also cite *Tinoco v. Raleeh*, No. 4:05cv367, 2006 WL 27287 (E.D. Tex. Jan. 5, 2006) for the proposition that, "[f]or a complaint to be dismissed for failure to state a claim, it must appear 'beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitled h[er] to relief.'" *Id.* at *1 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

But the Supreme Court abrogated the *Conley* "no set of facts" standard in 2007, *in Bell Atlantic*, and again two years later in *Iqbal*. *Conley* simply does not state the proper standard, and has not for several years. Or, as a district court put it, "Prew, like a surprising number of litigants in 2013, continues to cite *Conley* [], as the controlling pleading standard, notwithstanding the fact *Conley* was abrogated by *Twombly* in 2007 and *Iqbal* in 2009." *Prew v. Llano Indep. Sch. Dist.*, No. A-13-CA-144-SS, 2013 WL 3994188, at *1 n.1 (W.D. Tex. Aug. 2, 2013). This Court must evaluate Plaintiffs' claims using the facial plausibility standard set out in *Bell Atlantic* and in *Iqbal*, rather than to speculate what Plaintiffs theoretically might be able to prove under the *Conley* regime.

### B.  Plaintiffs concede that their claims arising under Texas law are coincident with their claims arising under Title VII.

Plaintiffs make an important concession; they concede that "the law under the TCHRA [Texas Commission on Human Rights Act] should follow Title VII. (Response 3 n.1.) Therefore, the County will confine its arguments in this reply to the insufficiency of Plaintiffs' allegations arising under Title VII.

### C.  Plaintiffs fail to show that they alleged a facially plausible adverse employment actions.

The central point of contention among the parties is whether the temporary change in work schedules, as alleged by Plaintiffs, constituted "adverse employment actions" ("AEA") as that term is understood in Title VII jurisprudence. The County will demonstrate that Plaintiffs' Response

fails to establish that they plead a facially plausible adverse employment action.

### 1. Plaintiffs concede the pertinent Title VII standards.

Plaintiffs concede that they must plead an AEA to plead a *prima facie* Title VII claim for gender-based discrimination. (Response 4) (citing *Haire v. Bd. of Supervisors of La. State Univ.*, 719 F.3d 356, 363 (5th Cir. 2013)). Further, Plaintiffs concede that "Title VII does not cover 'every decision made by employers that arguably might have some tangential effect upon those ultimate decisions.'" *Id.* (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)). Finally, Plaintiffs do not contest that "an employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action," *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (quoting *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003), and that, under Title VII, and AEA "consists of '*ultimate employment decisions* such as hiring, granting leave, discharging, promoting, and compensating.'" *Id.* (quoting *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002)) (emphasis added in *Pegram*). The Court must evaluate the sufficiency of Plaintiffs' arguments under these uncontested standards.

### 2. Plaintiffs do not plead facts that allow a reasonable inference that the shift assignments made Plaintiffs' jobs "objectively worse" in terms of a Title VII AEA.

Plaintiffs assert that their Complaint is facially sufficient because the Fifth Circuit has held that "a shift change or action that can 'objectively be characterized as a demotion' can qualify as an adverse employment action for purposes of Title VII analysis." (Response 4) (citing *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 770 (5th Cir. 2001)), *abrogated on other grounds by Wheat v. Florida Parish Juvenile Justice Comm'n*, 811 F.3d 757, 763 (5th Cir. 2001). However, *Hunt* does not stand for the proposition that Plaintiffs propose. Plaintiffs' allegation in this case is that their temporary shift reassignments, standing alone, constituted AEAs. *Hunt*, in contrast, dealt with whether the plaintiff suffered an AEA in the context of Title VII's anti-*retaliation* provisions,

which provide stronger protections than do Title VII's anti-*discrimination* provisions.[1]

Plaintiffs next assert that this Court has held that "changes in compensation, duties, responsibilities constitute ultimate employment actions, citing *Alzuraqi v. Group I Auto, Inc.*, 921 F. Supp. 2d 648, 664 (N.D. Tex. 2013) (citing *Pegram*, 361 F.3d at 282 n.8). However, Plaintiffs subtly but significantly alter this Court's instruction by omission of an important qualifier: "*Major* changes in compensation, duties, and responsibilities constitute ultimate employment actions." *Id.* at 664 (emphasis added). In any event, this nuance is largely irrelevant because Plaintiffs do not allege that the gender-based shift assignments of which they complain affected their compensation, duties, or responsibilities at all, much less in a "major" fashion. (*See* Complaint.) And in fact, to the contrary, Plaintiffs plead that "male and female employees perform the same tasks and the number of inmates during the week and is the same as the number of inmates on the weekend." (Response 5 para. 21.)

Plaintiffs next propose that the temporary gender-based shift assignments of which they complain "clearly has the effect of changing the Plaintiffs' jobs to be objectively worse," in that the shift assignments created a "subclass of female employees" who were "effectively demoted" because the female employees "could not attend their child's soccer game on Saturday morning or a Cowboys game on Sunday afternoon," while male employees could. (Response 4-5.) Plaintiffs do not plead those sweeping generalizations in their Complaint. However, even if Plaintiffs had

---

[1] In *Wheat v. Florida Parish Juvenile Justice Commission*, 811 F.3d 757, 763 (5th Cir. 2001), the Fifth Circuit recognized that the Supreme Court's decision in *Burlington Northern & Santa Fe Railway v. White*, 548 U.S. 53 (2006), altered the analysis in *retaliation* claims under Title VII. Plaintiffs here do not assert any specie of retaliation claim under Title VII. (*See* Complaint.) Furthermore, the Fifth Circuit held the Supreme Court's holding in *Burlington Northern*, which extended AEA's past ultimate employment decisions for Title VII retaliation claims, did not impact the rule that AEAs for discrimination claims "consist[] solely of '*ultimate employment decisions* such as hiring, granting leave, discharging, promoting, and compensating.'" *McCoy v. City of Shreveport*, 492 F.3d 551, 559-60 (5th Cir. 2007).

Page 4

pleaded those facts, it would be of no consequence because such harms are not, as a matter of law, AEAs that are actionable under Title VII. *See, e.g., Alzuraqi*, 921 F. Supp. 2d at 664 ("Allegations of . . . unfair treatment do not constitute actionable adverse employment actions.") (citing *King v. Louisiana*, 294 F. App'x 77, 85 (5th Cir. 2008)). In addition, there are the raft of case authorities, cited in the County's motion,[2] which hold that the sort of schedule changes of which Plaintiffs complain are not AEAs actionable under Title VII. For brevity, the County refers the Court to its motion at pages 6-7.

### 3. Plaintiffs fail to distinguish the case authorities cited in the County's motion which hold that gender-based schedule preferences are not AEAs actionable under Title VII.

Plaintiffs' final argument is that the County's cited case authorities for the proposition that denials of preferred days off do not constitute AEAs actionable under Title VII are inapposite to Plaintiffs' claims because the plaintiffs in those cases complained of "individual, one-off [sic] instances." (Response 5-6.) Plaintiffs' argument fails for two reasons. First, Plaintiffs fail to cite any authority for the implicit proposition that an administrative decision about shift assignments that is by definition not an actionable AEA becomes actionable if it is repeated. Second, Plaintiffs err in asserting that all of the cases authorities on which the County relies center upon single events.

In *Jeffery v. Dallas County Medical Examiner*, 37 F. Supp. 2d 525 (N.D. Tex. 1999) (Lindsay, J.), Jeffrey alleged a host of improper actions against him, allegedly based upon his race and in retaliation for complaining of the mistreatment. With respect to work hours, Jeffrey alleged that "his work schedule was changed from the night to the evening shift," that is, a complete change

---

[2] *Jeffery v. Dallas County Medical Examiner*, 37 F. Supp. 2d 525, 529 (N.D. Tex. 1999) (Lindsay, J.); *Johnson v. Tune*, No. 4:10cv124, 2011 WL 3299927, at *4 (E.D. Tex. Apr. 29, 2011); *Craven v. Tex. Dep't Crim. Justice, Institutional Div.*, 151 F. Supp. 2d 757, 766 (N.D. Tex. 2001); *Mylett v. City of Corpus Christi*, 97 F. App'x 473, 476 (5th Cir. 2004); and *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 769 (5th Cir. 2011).

of schedule over time—not a one-of occurrence.

In *Johnson v. Tune*, No. 4:10cv124, 2011 WL 3299927 (E.D. Tex. Apr. 29, 2011), Johnson alleged that he was denied "weekends off from work to attend college," on the basis of his race. *Id.* at *1. Obviously, Johnson's complaint was about the denial of a series of weekends, not about a singular, one-of denial. Similarly, in *Craven v. Texas Department Criminal Justice, Institutional Division*, 151 F. Supp. 2d 757 (N.D. Tex. 2001) (Lindsay, J.), Craven alleged that she was denied a transfer to a preferred "day" shift, on the basis of her race. Here again, Craven's complaint was not about a single shift, but instead of a wholesale denial of the shift assignment that she desired. *Id.* at 761. Likewise, in *Mylett v. City of Corpus Christi*, 97 F. App'x 473 (5th Cir. 2004), Mylett, police lieutenant, alleged several discriminatory and retaliatory actions by the police department, including a denial of day shift assignments given to all other lieutenants who were on light duty. *Id.* at 475. The assignment to the "duty desk" of which Mylett complained lasted for about *one year*, *id.* at 476, which is obviously not an isolated denial of a preferred shift assignment. Finally, in *Hunt v. Rapides Healthcare System., LLC*, 277 F.3d 757 (5th Cir. 2011), Hunt, a nurse, alleged that upon returning from medical leave, she was given the unpalatable choice between switching to a night shift position or of taking a part-time position during the day. *Id.* at 760. This clearly was to be an indefinite change unless and until the shift that Hunt preferred became available. *Id.* at 761. Clearly, Hunt's circumstance was not a denial of a single weekend off or random denial of a singular preferred shift. Taken together, it is apparent that Plaintiffs fail to distinguish their situations from those described in *Jeffrey*, *Tune*, *Craven*, *Mylett*, or *Hunt*.

Finally, because Plaintiffs have properly conceded that the fate of their state claims under the TCHRA fail if their claims arising under Title VII fail. Because Plaintiffs have failed to show that their Title VII claims should not be dismissed, the Court should dismiss the TCHRA claims.

### D. Plaintiffs are not entitled to engage in discovery before pleading a facially plausible claim for relief.

Plaintiffs urge that "dismissal before discovery is premature." (Response 5.) Plaintiffs err. In *Ashcroft v. Iqbal*, the Supreme Court pointedly explained that "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." 556 U.S. 678-79. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Plaintiffs try to put the cart before the horse. Plaintiffs must plead facially plausible claims before they may subject the County to costly and time-consuming discovery. *See*, *e.g.*, *Ford v. Caddo Par. Dist. Attorney's Office*, No. CV 15-0544, 2016 WL 2343903, at *2 (W.D. La. May 3, 2016) (granting the defendants' motions to stay discovery until the court resolved pending Rule 12-based motions to dismiss, and citing *Iqbal*, 556 U.S. at 678). This Court should preclude discovery until Plaintiffs plead a facially plausible claim.

### E. Plaintiffs should be required to follow this Court's Local Civil Rule, and tender a motion for leave to amend accompanied by a proposed amended complaint.

Plaintiffs conditionally request leave to amend their complaint rather than face dismissal if the Court finds their live complaint insufficient. The County agrees that a plaintiff generally is entitled to at least one chance to amend before dismissal. However, that general rule is tempered by the need to show that amendment would not be futile. Accordingly, the Court should require Plaintiffs to comply with Local Civil Rule LR 15.1, including the requirement that Plaintiffs tender a copy of their proposed amended complaint as an exhibit to any such motion.

WHEREFORE, the Defendant, Dallas County, asks the Court to dismiss all of the claims alleged against it in Plaintiffs' Original Complaint, and that the Court grant Dallas County, all such other and further relief to which it is entitled as is consistent with its motion to dismiss.

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*s/ Jason G. Schuette*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

John J. Butrus
Assistant District Attorney
Texas State Bar No. 03537330
john.butrus@dallascounty.org

Federal Litigation Division
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas  75207
Telephone:	214-653-3692
Facsimile:	214-653-2899

Attorneys for the Defendant,
Dallas County

## CERTIFICATE OF SERVICE

On 08 July 2020 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

*s/ Jason G. Schuette*
Assistant District Attorney

Page 8