IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELESIA HAMILTON, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-00313-N |
| | § | |
| DALLAS COUNTY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Dallas County's motion to dismiss pursuant to Rule 12(b)(6) [8]. Because Plaintiffs have failed to state a claim upon which relief can be granted, the Court grants Dallas County's motion. The Court grants Plaintiffs leave to amend their complaint.

### I. ORIGINS OF THE DISPUTE

Plaintiffs are female Detention Service Officers at the Dallas County jail. Plaintiffs' complaint raises claims of discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Texas Employment Discrimination Act, also referred to as the Texas Commission on Human Rights Act ("TCHRA"). Plaintiffs allege that Dallas County used a discriminatory work scheduling policy that gave only male employees full weekends off. Plaintiffs allege that they received less preferred days off, namely, weekdays or partial weekends. On June 4, 2020, Dallas County filed this motion to dismiss pursuant to Rule 12(b)(6).

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. Rule 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citations omitted).

## III. The Court Grants Dallas County's Motion

To establish a prima facie case of discrimination under Title VII, a plaintiff must show that, among other requirements, she was subject to an adverse employment action. *See Haire v. Bd. of Supervisors of La. State Univ.*, 719 F.3d 356, 363 (5th Cir. 2013).

MEMORANDUM OPINION AND ORDER – PAGE 2

Dallas County argues that Plaintiffs have not established that they suffered an "adverse employment action" because Dallas County's alleged work scheduling policy does not affect the job duties, compensation, or benefits of the Plaintiffs. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004). Plaintiffs respond that the facially discriminatory work scheduling policy makes their jobs "objectively worse" and thus constitute an adverse employment action. Alternatively, Plaintiffs seek leave to amend their complaint.

### A.  *Plaintiffs Have Not Pled an Adverse Employment Action*

Although Dallas County's alleged facially discriminatory work scheduling policy demonstrates unfair treatment, the binding precedent of this Circuit compels the Court to grant Dallas County's motion. Under Title VII, "an employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Pegram v. Honeywell, Inc.*, 351 F.3d 272, 282 (5th Cir. 2004) (quoting *Banks v. E Baton Rough Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)). Instead, an adverse employment action for Title VII discrimination claims consists of "ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating." *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002).

Plaintiffs respond that the Fifth Circuit has held that employment actions that effectively change an employee's job such that it is "objectively worse" qualify as adverse employment actions. *See Pegram*, 351 F.3d at 283. Plaintiffs argue that the facially discriminatory policy of Dallas County changes their jobs to be "objectively worse." However, the Court notes that the Fifth Circuit has limited the use of the "objectively worse" standard to cases involving job transfers or reassignments. *See, e.g.*, *Alvarado v.*

MEMORANDUM OPINION AND ORDER – PAGE 3

*Tex. Rangers*, 492 F.3d 605, 612 (5th Cir. 2007) (holding that "a *transfer* . . . can be a demotion if the new position proves objectively worse") (emphasis added); *Pegram*, 361 F.3d at 283 ("An employment *transfer* may qualify as an adverse employment action if the change makes the job objectively worse.") (emphasis added).  The Fifth Circuit utilized this standard to determine when "a transfer or reassignment can be the equivalent of a demotion, and thus constitute an adverse employment action." *Williams v. E.I. du Pont de Nemours and Co.*, 180 F.Supp.3d 451, 455 (M.D. La. 2016) (citing *Alvarado*, 492 F.3d at 612–15).

Changes to an employee's work schedule, such as the denial of weekends off, are not an ultimate employment decision.  *See, e.g.*, *Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998) (holding that transfer to undesirable night shift was not an adverse employment action in anti-retaliation context); *Lewis v. LSG Sky Chefs*, No. 3:14-cv-3107-M-BN, 2015 WL 935125 (N.D. Tex. 2015) (granting motion to dismiss when African-American truck driver was not permitted to "bid" for a shift schedule when white coworkers could); *Johnson v. Tune*, No. 4:10-cv-124, 2011 WL 3299927 (E.D. Tex. Apr. 29, 2011) (granting motion to dismiss when Plaintiff alleged race-based denial of weekends off).  "It is well established that [Plaintiffs'] last three claimed injuries—oppressive change of hours, denial of particular shifts, and humiliation—are not adverse employment actions." *Mylett v. City of Corpus Christi*, 97 F. App'x 473 (5th Cir. 2004).  Plaintiffs argue that the cases that Dallas County cites are inapposite to the case at hand because they only reference specific, one-off instances of work schedule denials as opposed to the present case of a continuing policy of gender discrimination.  However, the cases cited by

MEMORANDUM OPINION AND ORDER – PAGE 4

both parties suggest that continuing discrimination in work schedule denials still do not constitute adverse employment actions.  *See, e.g.*, *Johnson*, 2011 WL 3299927 (denying African American employee "*weekends* off from work to attend college").

While it is at least plausible that the denial of full weekends off for Plaintiffs is objectively worse than getting whole weekends off, the Fifth Circuit has not recognized a work schedule policy alone to be an adverse employment action.[1]  *See, e.g.*, *Benningfield v. City of Houston*, 157 F.3d 369 (5th Cir. 1998) (holding that "changing [Plaintiff's] hours, without more, does not constitute an adverse employment action").  Plaintiffs have pled that "male and female employees perform the same tasks and the number of inmates during the week is the same as the number of inmates on the weekend." Pls.' Response 2 [12]. Thus, there is no evidence before the Court that Dallas County's practice affected the compensation, job duties, or prestige of the Plaintiffs' employment as required for a finding that an adverse employment action occurred, and the policy does not rise to the level of an adverse employment action under Title VII.  Furthermore, Plaintiffs agree with Dallas County that the law under TCHRA should follow Title VII.  *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001) (looking to Title VII for guidance in interpreting

---

[1] The Court notes the disagreement between Circuit Courts on this issue.  *Compare Spees v. James Marine, Inc.*, 617 F.3d 380 (6th Cir. 2010) (holding that an "inconvenience resulting from a less favorable schedule can render an employment action 'adverse' even if the employee's responsibilities and wages are left unchanged") (quoting *Ginger v. District of Columbia*, 527 F.3d 1340, 1344 (D. C. Cir. 2008)) *with Thomas v. Potter*, 202 F. App'x 118, 119 (7th Cir. 2006) (undesirable or inconvenient shift change did not rise to the level of a materially adverse employment action).

MEMORANDUM OPINION AND ORDER – PAGE 5

TCHRA). The Court determines that no adverse employment action occurred for TCHRA or Title VII purposes. Accordingly, the Court grants Dallas County's motion to dismiss.

### B. The Court Grants Plaintiffs Leave to Amend

Leave to amend should be freely given when justice so requires and should be granted absent some justification for refusal. *Foman v. Davis*, 371 U.S. 178 (1962). When a plaintiff's complaint fails to state a claim, courts generally give plaintiff the chance to amend the complaint before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Thus, the Court grants Plaintiffs leave to amend their complaint. Plaintiffs should file their amended complaint within thirty (30) days of this Order.

### CONCLUSION

Because the Court determines that denial of weekends off does not constitute an adverse employment decision under Fifth Circuit precedent, the Court grants Dallas County's motion to dismiss. The Court grants Plaintiffs leave to amend her pleadings within thirty (30) days of this Order. If Plaintiffs do not replead within that time, the Court will dismiss this action with prejudice without further notice.

Signed December 1, 2020.

_____
David C. Godbey
United States District Judge