IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELISIA HAMILTON, | § | |
| TASHARA CALDWELL, | § | |
| BRENDA JOHNSON, | § | |
| ARRISHA KNIGHT, | § | CIVIL ACTION NO. |
| JAMESINA ROBINSON, | § | |
| DEBBIE STOXSTELL, | § | 3:20-CV-00313-N |
| FELICIA SMITH, | § | |
| TAMEKA ANDERSON-JACKSON, | § | |
| and TAMMY ISLAND, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| DALLAS COUNTY, d/b/a, | § | **JURY DEMANDED** |
| DALLAS COUNTY SHERIFF'S, | § | |
| DEPARTMENT, | § | |
| Defendant. | § | |

**ORIGINAL ANSWER OF THE DEFENDANT, DALLAS COUNTY,
DEFENSES, AND JURY DEMAND**

TO THE HONORABLE COURT:

COMES NOW the Defendant, Dallas County ("Defendant" or "the County") and for its original answer to Plaintiffs' Original Complaint (ECF No. 1) ("Complaint") admits, denies, and alleges as follows:

## I.    ANSWER TO THE COMPLAINT

**A.    Answer to Plaintiffs' jurisdiction and venue allegations**

1.    With respect to Complaint paragraph 1, the County admits that Plaintiffs bring claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the Texas Employment Discrimination Act, as amended, Texas Labor Code §§ 21.001 *et seq*. ("TLC").  However, the County denies that it discriminated against any of the Plaintiffs based upon sex or that the County violated Title VII or the TLC.

2. The County admits the jurisdiction allegations in Complaint paragraph 2.

3. The County admits the jurisdiction allegations in Complaint paragraph 3.

4. The County admits the venue allegations in Complaint paragraph 4, except that the County denies the vague allegations that it engaged in unlawful employment practices.

**B.   Answer to Plaintiffs' Parties allegations**

5. The County lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Complaint paragraph 5 regarding Plaintiff Felesia Hamilton's residency allegations and denies that she has suffered a legal harm from the County's actions.

6. The County lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Complaint paragraph 6 regarding Plaintiff Tashara Caldwell's residency allegations and denies that she has suffered a legal harm from the County's actions.

7. The County lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Complaint paragraph 7 regarding Plaintiff Brenda Johnson's residency allegations and denies that she has suffered a legal harm from the County's actions.

8. The County lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Complaint paragraph 8 regarding Plaintiff Arrisha Knight's residency allegations and denies that she has suffered a legal harm from the County's actions.

9. The County lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Complaint paragraph 9 regarding Plaintiff Jamesina Robinson's residency allegations and denies that she has suffered a legal harm from the County's actions.

10. The County lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Complaint paragraph 10 regarding Plaintiff Debbie Stoxstell's residency allegations and denies that she has suffered a legal harm from the County's actions.

11. The County lacks knowledge or information sufficient to form a belief about the truth

of Plaintiffs' allegations in Complaint paragraph 11 regarding Plaintiff Felicia Smith's residency allegations and denies that she has suffered a legal harm from the County's actions.

12. The County lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Complaint paragraph 12 regarding Plaintiff Tameka Anderson-Jackson's residency allegations and denies that she has suffered a legal harm from the County's actions.

13. The County lacks knowledge or information sufficient to form a belief about the truth of Plaintiffs' allegations in Complaint paragraph 13 regarding Plaintiff Tammy Island's residency allegations and denies that she has suffered a legal harm from the County's actions.

14. The County admits the allegations in Complaint paragraph 14.

15. The County admits the allegations in Complaint paragraph 15.

16. The County admits the allegations in Complaint paragraph 16.

**C.   Answer to Plaintiffs' Exhaustion of Administrative Remedies allegations**

17. Upon information and belief, the County admits the allegations in Complaint paragraph 17.

18. The County lacks knowledge or information sufficient to form a belief about the truth of the allegations in Complaint paragraph 18.

**D.   Answer to Plaintiffs' factual allegations**

19. The County admits the allegations in Complaint paragraph 19.

20. The County answers the allegations in Complaint paragraph 20 as follows:

   20.1   The County denies the allegations in the first sentence.

   20.2   The County denies, as pleaded, the allegations in the second sentence. Prior to April 2019, Plaintiffs' work schedules were determined by several factors, only one of which was seniority.

   20.3   The County denies the allegations in the third sentence. Further, the County

pleads that the scheduling changes of which Plaintiffs complain were temporary and were lawful administrative actions designed to respond to the requirements of state law and to ensure the safety of Jail staff, Jail inmates, Jail visitors, and the public at large.

21.  The County answers the allegations in Complaint paragraph 21 as follows:

21.1  The County admits the allegations in the first sentence. However, some employees are of necessity scheduled for overtime work, such as working double-shifts.

21.2  The County denies the allegations in the second sentence.

21.3  The County denies the allegations in the third sentence.

21.4  The County lacks knowledge or information to form a belief about the vague allegations in the fourth sentence regarding statements allegedly made by an unidentified "Sergeant."

21.5  The County lacks knowledge or information to form a belief about the vague allegations in the fifth sentence regarding statements allegedly made by an unidentified "Sergeant."

21.6  With respect to the allegations in the sixth sentence, the County admits that male and female Detention Service Officers generally perform the same tasks but denies that the number of inmates in the County jail is the same from day to day, or on weekdays as opposed to weekend days.

22.  The County denies as pleaded the allegations in Complaint paragraph 22. The County admits that Plaintiffs reported their opposition to the scheduling changes in issue to their chains of command and to personnel in the County's Human Resources department and that some County decision-makers did not agree that the changes in issue were improper, but the schedules in question were later changed. However, the County denies that any of the scheduling changes were

discriminatory and that those changes have remained in place.

23. The County denies the allegations in Complaint paragraph 23.

24. With respect to the allegations in Complaint paragraph 24, the County admits that Plaintiffs are members of a protected class, as that term is used in Title VII jurisprudence. Otherwise, Complaint paragraph 24 incorporates by reference the preceding paragraphs of the Complaint and, therefore, the County repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same here by reference.

25. The County denies the allegations in Complaint paragraph 25.

26. Complaint paragraph 26 does not plead matters that require a response.

27. With respect to the allegations in Complaint paragraph 27, the County admits that Plaintiffs are members of a protected class, as that term is used in Title VII jurisprudence. Otherwise, Complaint paragraph 27 incorporates by reference the preceding paragraphs of the Complaint and, therefore, the County repeats and reaffirms its answers to each and every allegation contained in the paragraphs above and incorporate the same here by reference.

28. The County denies the allegations in Complaint paragraph 28.

29. Complaint paragraph 29 does not plead matters that require a response.

E. **Answer to Plaintiffs' Prayer for Relief**

30. The County denies that Plaintiffs, or any of them, are entitled to any manner or form of relief. More specifically:

   30.1 The County denies that Plaintiffs are entitled to any manner of declaratory judgment, as Plaintiffs request in subparagraph "A."

   30.2 The County denies that Plaintiffs are entitled to any manner of monetary damages, as Plaintiffs request in subparagraph "B."

   30.3 The County denies that Plaintiffs are entitled to any manner of exemplary or

punitive damages, as Plaintiffs request in subparagraph "C." Further, the County denies that it may be held liable for exemplary or punitive damages.

30.4  The County denies that Plaintiffs are entitled to any award of attorney's fees, expert witness fees, or other costs, as Plaintiffs request in subparagraph "D."

30.5  The County denies that Plaintiffs are entitled to any award of pre-judgment or post-judgment interest, as Plaintiffs request in subparagraph "E."

30.6  The County denies that Plaintiffs are entitled to any manner or form of unidentified "other and further relief," as Plaintiffs request in subparagraph "F."

30.7  The County denies that Plaintiffs are entitled to any form of injunctive relief, including the relief specified in subparagraphs "G" through "L."

## II.  DEFENSES

31.  Plaintiffs fail to state a claim upon which relief may be granted because the actions of which Plaintiffs complain as a matter of law do not constitute adverse employment actions that may be remedied under Title VII or the TLC.

32.  The schedule changes of which Plaintiffs complain are justified because being male is a bona fide occupational qualification for contact area positions involving male jail inmates, in that deployment of female jail guards creates substantial risks of injury to jail personnel and inmates. In addition, a sex-based or gender-based bona fide occupational qualification may be based upon the privacy interests of jail inmates.

33.  All claims made pursuant to Title VII for which Plaintiffs failed to exhaust their administrative remedies or failed to timely file Charges of Discrimination are barred.

34.  Plaintiffs' damages are limited to the extent they failed to use reasonable efforts to mitigate their alleged damages, if any.

35.  Dallas County is a political subdivision of the State of Texas, and the Dallas County

Sheriff's Department is a department of Dallas County  Therefore, the County is immune from punitive damages pursuant to 42 U.S.C. § 1981a-(b)(1).

36.     The County affirmatively pleads that punitive and/or exemplary damages are not recoverable against a governmental entity and/or a political subdivision as a matter of law under Texas law and in an action claiming damages under Title VII or the TLC.

37.     Even if the County were not immune from punitive damages, Plaintiffs could not recover punitive damages under Title VII and the TLC because any alleged unlawful employment decisions were contrary to the County's good faith efforts to comply with employment discrimination statutes and because the County did not act with malice or with reckless indifference to Plaintiffs' constitutional or statutory rights.

38.     The County made all employment decisions relative to Plaintiffs for legitimate, non-discriminatory, and non-retaliatory business reasons.

39.     The County exercised reasonable care in order to prevent and correct promptly, if necessary, any alleged harassing, discriminatory, or retaliatory conduct.

40.     Furthermore, in the unlikely event of a liability finding against Dallas County, the County pleads alternatively that it is entitled to the applicable limits, exclusions and/or offsets on damages set forth in Texas Labor Code §§ 21.125, 21.258, and 21.2585, and/or in the Civil Rights Act of 1964, 42 U.S.C. § 2000e-(g), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a-(b), as well as the Texas Civil Practices and Remedies Code § 101.023, as applicable, and hereby notifies Plaintiffs of its intention to assert the damage limits, exclusions, and offsets.

41.     Plaintiffs' claims as alleged in their Complaint are barred insofar as they assert matters outside the scope of any EEOC charges.

42.     Plaintiffs' claim for damages and equitable relief are limited by the relevant

provisions of Title VII and the TLC.

43. To the extent that Plaintiffs intend to assert claims against the Dallas County Sheriff's Department, Plaintiffs fail to state a claim upon which relief can be granted because the Dallas County Sheriff's Department is not a jural entity that is subject to suit.

### III. JURY REQUEST

44. Defendant acknowledges that Plaintiffs demand trial by jury. The County also hereby demands trial by jury as to all issues that may be resolved by a jury.

### IV. PRAYER

WHEREFORE, Defendant, Dallas County, prays that the Court will dismiss this suit with prejudice, that Plaintiffs take nothing by this action against it, that it recover its costs including a reasonable attorney's fee herein, and any other relief to which it may be justly entitled under the law.

Respectfully submitted,

**JOHN CREUZOT**
**DALLAS COUNTY DISTRICT ATTORNEY**

*s/ Jason G. Schuette*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

Joseph W. Spence
Assistant District Attorney
Texas State Bar No. 18913500
joseph.spence@dallascounty.org

Civil Division
Dallas County Records Building
500 Elm Street, Suite 6300
Dallas, Texas 75202
Telephone:     214.653.7358
Telecopier:     214.653.6134

**ATTORNEYS FOR THE DEFENDANT,**
**DALLAS COUNTY**

## CERTIFICATE OF SERVICE

I hereby certify that on 22 September 2023, I caused the foregoing document to be filed electronically with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record who has consented in writing to accept this Notice as service of this document by electronic means:

Jay D. Ellwanger
David Henderson
Ellwanger Law LLLP
400 South Zang Blvd., Suite 1015
Dallas, TX 75208

James A Vagnini
Monica Hincken
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, NY 11530

*s/ Jason G. Schuette*
Assistant District Attorney